# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. CR414-327 |
| | ) |
| ANTONIO T. KNOX | ) |

## SHOW CAUSE ORDER

Upon his February 4, 2015 guilty plea to the misdemeanor offense of giving a false name to a law enforcement officer in violation of O.C.G.A. § 16-10-25, the Court sentenced Antonio T. Knox to two days incarceration. Doc. 6 at 1; *see also* doc. 1 at 1-2 (criminal complaint). He failed to appear and serve his sentence. The Court issued a criminal arrest warrant for "Failure to Report for Service of Sentence." Doc. 9; *see* 18 U.S.C. § 3146(a)(2).[1]

Knox consented to be tried before the undersigned, and 28 U.S.C. § 636(e)(3) grants magistrate judges the power to hold parties before them in contempt (by fine, imprisonment, or both) for violating any "order,

---

[1] In pertinent part that statute provides that anyone who fails to surrender for service of a misdemeanor sentence is subject to a fine or imprisonment for up to a year. 18 U.S.C. § 3146(a)&(b).

rule, decree or command." *Id.* The imposition of such criminal contempt must be, however, "upon notice and hearing under the Federal Rules of Criminal Procedure." *Id.*[2]

Furthermore, "[f]ederal Rule of Criminal Procedure 42(a) requires that the contemnor have notice that the proceeding is criminal in nature." *In re Wheeler*, 2015 WL 896130 at * 3 (5th Cir. Mar. 4, 2015); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1244 (11th Cir.

---

[2] More specifically,

> § 636(e)(2) authorizes a magistrate judge "to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." Section 636(e)(3) extends this criminal contempt authority to include "any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18," by granting the magistrate judge "the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command." Finally, § 636(e)(4) authorizes a magistrate judge to "exercise the civil contempt authority of the district court" in civil cases where the magistrate judge is presiding by consent of the parties pursuant to 28 U.S.C. § 636(c) or in criminal cases where the magistrate judge is presiding pursuant to the authority of 18 U.S.C. § 3401.

*Wallace v. Kmart Corp.*, 687 F.3d 86, 91 (3rd Cir. 2012); *In re McIntyre*, 534 F. Supp. 2d 641, 643 (E.D. Va. 2007) ("[a]ny other criminal contempt, *e.g.*, allegedly contemptuous behavior that occurs outside the presence of the magistrate judge, may only be prosecuted on notice. Fed. R. Crim. P. 42(a)."); 3A WRIGHT & MILLER: FED. PRAC. & PROC. CRIM. § 715 (4th ed. Sept. 2014) ("A magistrate judge may pursue prosecution-on-notice criminal contempt without the consent of the charged party in petty offense cases. The sentence imposed by a magistrate judge for either summary or prosecution-on-notice contempt may not exceed the penalties for a Class C misdemeanor, which is thirty days of imprisonment and/or a $5,000 fine.") (footnote omitted).

2007) (court may punish contemptuous conduct that occurs outside its presence only after giving notice of essential facts constituting the charged criminal contempt, requesting that the contempt be prosecuted by attorney for government, and affording other procedural protections); *Trade Well Intern. v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (attorney could not be held in indirect contempt as punishment for his out-of-court conduct in filing a notice of lien during commercial litigation, even if court meant to invoke criminal contempt, where trial judge neither gave attorney notice that he was being charged with criminal contempt, nor asked government to prosecute the contempt); *United States v. Puente*, 558 F. App'x 338, 342 (5th Cir. 2013) (punitive sanction for conduct prior to contempt hearing, in failing to appear for sentencing on drug conviction, could not be imposed on defendant who was not given specific notice that contempt proceeding was criminal in nature).

Accordingly, this Order constitutes notice to Knox that on Monday, March 30, 2015 at 9:00 a.m. in Savannah, Georgia, the Court will convene a criminal contempt hearing against him for violating this Court's sentencing order that he self-report for service of his two night-

and-day sentence. He should be prepared to present evidence and to offer argument on why he should not be held in contempt for violating this Court's judgment.[3]

The Clerk shall immediately serve the U.S. Marshall and the United States Attorney with a copy of this Order, as well as prosecuting counsel of record, Jason Thomas. The Marshall shall personally serve this Order upon Knox. The government shall appear and prosecute the contempt.

**SO ORDERED,** this 25th day of March, 2015.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] "Two days to prepare for a hearing to disprove or purge contempt was a reasonable amount of time." 5 ORFIELD'S CRIMINAL PROCEDURE UNDER THE FEDERAL RULES § 42:24 (June 2014).